**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**TIMOTHY J. DEMUS** **PLAINTIFF**

**VS.** **CIVIL ACTION NUMBER.:** 3:23-cv-105-DPJ-FKB

**THE CITY OF GULFPORT, MS.,**
**GULFPORT POLICE DEPARTMENT,**
**Unknown Gulfport Police Officers 1-5,**
**HINDS COUNTY, MISSISSIPPI; Unknown Hinds County**
**Employees or officials 1-5,**
**EVELYN J. JOHNSON;**
**ABC COMPANIES and**
**JOHNS DOES 1-10** **DEFENDANTS**

**COMPLAINT**

COMES NOW, the plaintiff, Timothy Demus, through the undersigned counsel, and files this Complaint for relief against the above referenced Defendants and for cause of action would state the following:

## I. PARTIES

1. Plaintiff, Timothy Demus, is an adult resident citizen of Hinds County, Mississippi.

2. Defendant, City of Gulfport, Mississippi is a municipal corporation operating under the laws of the United States and Mississippi and operates the Gulfport Police Department and may be served with process through the Municipal Clerk's Office.

3. Defendant Hinds County may be served with process by serving the Chancery Clerk of the County.

4. Defendant Evelyn J. Johnson, upon information and belief resides in Hinds County and may be served with process at her residence.

5. At all relevant times Defendants Gulfport Police Officers 1-5 were duly appointed Agents or Employees Gulfport, Mississippi.

6. At all relevant times Defendants unknown Hinds County Employees of Officials 1-5 were duly appointed Agents or Employees of Hinds County, Mississippi.

7. ABC Companies are unknown defendants who may be responsible for the acts complained of herein. Their identities will be provided when ascertained.

8. John Doe defendants are unknown defendants who may be responsible for the acts complained of herein. Their identities will be provided when ascertained.

## II. JURISDICTION

9. Jurisdiction is proper in this Court inasmuch as there is federal question jurisdiction in this case.

## III. VENUE

10. Venue is proper before this Court inasmuch as one or more of the Defendants are headquartered in the Southern District of Mississippi or otherwise may be continuously found therein. Venue is also proper before this Court because the incident giving rise to this case was planned and authorized at a geographical place located within the proper venue of this Court.

## IV. FACTS

11. On April 1, 2021, one or more individuals with Hinds County investigating Timothy Demus determined that felony charges could not be filed against Demus based on observation of all the evidence.

12. Nevertheless, on or about July 16, 2021 Timothy Demus was indicted by a Hinds County, Mississippi grand jury for alleged cyberstalking.

13. Based on the indictment, the alleged cyberstalking occurred from October 2020 to April 2021.

14. That charge is currently ongoing..

15. On or about February 8, 2022 Mr. Demus was stopped for an alleged traffic violation by the Gulfport Police Department (GPD).

16. No citation was issued by Gulfport Police Department to Plaintiff at the time of the stop.

17. However, upon information and belief, Mr. Demus was arrested at the time of the stop by GPD based on a warrant arising from the above-referenced Hinds County indictment.

18. After his arrest by GPD, Mr. Demus was held by GPD for at least 16 days without being taken before a judge for an initial appearance.

19. Such an initial appearance is required by law.

20. Then, Mr. Demus' Family retained counsel to represent their son. Retained counsel then contacted GPD.

21. On or about February 24, 2022, after Mr. Demus' Family retained counsel for their son, the Hinds County Sheriffs Office transported Timothy Demus to the Hinds County Detention Center.

22. After Mr. Demus was transported to Hinds County, another 12 days passed before he was taken before a Judge for the first time after his arrest in this matter.

23. Mr. Demus has also been charged falsely and maliciously in multiple other courts based on the same or similar allegations which form the basis of the above-referenced indictment.

24. This has resulted in additional time and attorney fees on the part of Mr. Demus

and his Family to defend allegations which appear to have little to no merit.

25. As a result of this ordeal, Mr. Timothy Demus suffered personal injuries, including but not limited to, severe emotional distress, pain and suffering, depression, anxiety and other injuries. His immediate family has also experienced emotional distress and anxiety in seeing the Plaintiff experience this series of events.

26. As a result of his injuries, he has incurred costs, including, but not limited to, likely medical bills, possible pharmacy bills and other costs.

27. His injuries may require short term and long term treatment.

28. As of the filing of this civil lawsuit, neither the defendant nor his counsel has been provided with text messages that allegedly constitute threats or harassment to the alleged victim or family.

29. As of the filing of this civil lawsuit, neither the defendant nor his counsel has been provided with any voice messages, or any other tangible evidence that allegedly constitute threats or harassment to the alleged victim or family.

30. As of the filing of this civil lawsuit, neither the defendant nor his counsel has been provided with any proof of repeated electronic communications that allegedly constitute threats or harassment to the alleged victim or family.

31. Accordingly, the Plaintiff verily believes that the charge against him is false, without merit and proceeded and is proceeding in violation of his rights.

**VIOLATIONS OF THE 4TH, 6TH AND 14TH CONSTITUTIONAL AMENDMENTS**

32. The Defendants' actions and omissions caused injury to the Plaintiff in violation of his constitutional rights as guaranteed by the fourth, sixth and fourteenth Amendments to the United States Constitution.

33. The Defendants are liable for violating 42 United States Code Section 1983 which prohibits deprivation of rights or liberties secured by the Plaintiff from the United States Constitution under color of Law.

34. The foregoing actions of the Defendants also violated Article 3, Sections 14, 23 and 26 of the Mississippi Constitution and constitute the state law torts of malicious prosecution, abuse of process and false imprisonment.

35. Hinds County is liable through and because of the actions and or omissions of the Hinds County District Attorney's Office.

**4TH AMENDMENT UNREASONABLE SEIZURE**

36. The Defendants' conduct violated the Plaintiff's 4th Amendment right to be protected from an unreasonable seizure.

37. The Defendants' conduct under color of law subjected the Plaintiff to an unreasonable seizure.

38. As a direct and proximate cause, the Plaintiff was injured.

**FALSE ARREST AND FALSE IMPRISONMENT**

39. The governmental Defendants' conduct, constitutes an unlawful arrest and imprisonment upon the Plaintiff.

40. The Defendants' conduct caused the Plaintiff to be falsely imprisoned.

41. The Defendants acted under color of law at all times concerning the matters set out above giving rise to this Complaint.

42. As a direct and proximate cause, the Plaintiff was injured.

**MALICIOUS PROSECUTION /SLANDER**

43. On or about May 5, 2021, Defendant Johnson charged the Plaintiff with malicious

mischief in the municipal court of Jackson, Mississippi.

44. On or about June 22, 2022, that charge was dismissed.

45. The Plaintiff respectfully submits that charge was false and malicious.

46. The Plaintiff was injured as a result.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests this Court, after a trial by jury, enter judgment on his behalf and against the defendants, jointly and severally in an amount to be determined by the jury, commensurate with the Defendants' wrongs to include compensatory damages, prejudgment and post judgment interest, all expenses and costs associated with this action and attorneys' fees and costs, punitive damages and such other relief to which the Plaintiff may be entitled which the Court deems equitable and just.

RESPECTFULLY SUBMITTED, this the 8th day of February, 2023.

**TIMOTHY J. DEMUS**

By: Howard R. Brown
HOWARD R. BROWN, MSB 10631

OF COUNSEL:

BROWN LITIGATION GROUP
Post Office Box 158
Jackson, Mississippi 39205
Telephone: (601) 966-6650
hbrown@legal-counselors.net